# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF PENNSYLVANIA

In Re:

ARTHUR HERRING, III,

    Debtor.
_____/

Case No.: 20-12141-JKF

Chapter 7

NITV FEDERAL SERVICES, LLC,

    Plaintiff,

v.

ARTHUR HERRING, III,

    Defendant.
_____/

Adv. Case No.: _____

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

Plaintiff NITV Federal Services, LLC ("Plaintiff") sues defendant Arthur Herring, III ("Defendant"), and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a limited liability company organized and existing under the laws of the State of Florida with its principal place of business located in Palm Beach County, Florida. Plaintiff is a creditor of Defendant.

2. Defendant is an individual who resides in Quakertown, PA.

3. On April 28, 2020, Defendant filed a voluntary petition for bankruptcy protection under Chapter 7 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code).

4. This Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. § 1409.

5. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

## GENERAL ALLEGATIONS

**I.     The Florida Lawsuit**

6.     On July 27, 2018, NITV filed a lawsuit (the "Florida Lawsuit") against Defendant and Dektor Corporation ("Dektor") in the United States District Court for the Southern District of Florida (Case No. 9:18-cv-80994).  Defendant is the sole shareholder, officer, and/or director of Dektor.

7.     Generally stated, the Florida Lawsuit alleged a scheme by Debtor/Dektor (competitors of Plaintiff in the field of truth verification software) to unfairly compete through a pervasive campaign of disparagement/defamation of NITV and its products.  Debtor/Dektor accomplished this by sending tens of thousands of defamatory e-mails (thousands of which were sent during the Florida Lawsuit) to NITV's clients (primarily law enforcement agencies) and through publication of at least two defamatory websites.

8.     On June 10, 2019, NITV filed (in the Florida Lawsuit) its Motion for Sanctions Against Herring for Spoliation of Evidence and Discovery Abuse (the "Motion for Sanctions"). That motion sought severe sanctions against Defendant for a multitude of severe/egregious discovery sanctions he orchestrated during the pendency of the Florida Lawsuit.

9.     This conduct included: (a) Defendant's installation of a "file shredding" program on his laptop the day after Defendant unilaterally cancelled his deposition in the Florida Lawsuit (coupled with a sworn statement from Defendant's former IT-professional that Defendant asked on multiple occasions about permanently deleting files that Defendant did not want NITV obtaining access to); (b) Defendant's attempt to delete approximately 2,500 emails sent between June 15, 2018 and February 13, 2019; (c) Defendant's use of an undisclosed email address for the purpose of evading discovery (and perjurious testimony that no such email account existed);

(d) Defendant's destruction/reformatting of a computer hard drive and instructions to his former IT-professional to lie about such; and (e) Defendant's attempt to defy the Southern District of Florida's injunction by hosting the aforementioned defamatory websites 'offshore' so they would be beyond the jurisdiction of the Southern District of Florida.

10. On September 20, 2019, as a result of the above-described misconduct, the Southern District of Florida entered an Order Granting Plaintiff's Motion for Sanctions for Spoliation of Evidence and Discovery Abuse. Having carefully considered the substantial evidence presented by Plaintiff and Defendant's unapologetic/indignant response, Judge Brannon (who presided over the Florida Lawsuit) concluded that the severe sanction of entering a default against Defendant was appropriate.

11. Thereafter, on December 16, 2019, an Order of Final Default Judgment and Permanent Injunction Against Both Defendants was entered in the Florida Lawsuit. That Order awarded final judgment to Plaintiff (against both Debtor and Dektor) on all claims asserted in the Florida Lawsuit, including Plaintiff's claims for violation of the Lanham Act, defamation, and tortious interference.

12. In granting final judgment against Defendant, the Southern District of Florida specifically found that Defendant willfully/intentionally violated the Lanham Act, willfully/intentionally committed defamation, and willfully/intentionally committed tortious interference. In light of this intentional conduct, Judge Brannon awarded Plaintiff (on its Lanham Act claim) two times the amount of actual damages proved, or $849,347.92.

13. That Order also imposed a ***permanent*** injunction precluding both Defendant and Dektor from continuing to send the aforementioned e-mails/communications or re-publish the aforementioned defamatory websites.

14. Defendant was represented in the Florida Lawsuit by The Law Office of Robert Eckard, Associates, P.A. ("Eckard, P.A.") from August 16, 2018 – November 2, 2018 at which time Eckard, P.A. was granted permission to withdraw as counsel for Defendant and Dektor.

15. According to Eckard, P.A.'s motion to withdraw as counsel, Defendant terminated the attorney-client relationship with Eckard, P.A. on October 17, 2018.

16. Thereafter, Defendant was represented in the Florida Lawsuit by Adler Wellikoff, PLLC ("Adler Wellikoff") from December 7, 2018 – February 15, 2019 at which time Adler Wellikoff was granted permission to withdraw as counsel for Defendant and Dektor.

17. After that date, Defendant represented himself pro se in the Florida Lawsuit. The docket in the Florida Lawsuit reflects that Defendant was an active participant as a pro se litigant, having filed at least thirty (30) different documents – including several motions seeking various forms of relief – following withdrawal of Adler Wellikoff.

18. The aforementioned Motion for Sanctions and final judgment in the Florida Lawsuit were not unopposed by Defendant or granted by default. Notably, on June 24, 2019, Defendant filed an 81-page (including attachments) opposition memorandum to the Motion for Sanctions. On October 31, 2019, Defendant filed a 70-page (including attachments) opposition memorandum to Plaintiff's motion for final judgment/permanent injunction. Defendant then filed a 22-page sur-reply to that same motion on November 5, 2019.

19. On December 10, 2019, the Southern District of Florida held an evidentiary hearing (lasting over 4 hours) on Plaintiff's motion for final judgment/permanent injunction. Defendant appeared in-person at the hearing, testified individually and on behalf of Dektor, and also personally cross-examined Plaintiff's witnesses at the evidentiary hearing.

20. Defendant was provided multiple opportunities to participate and did in fact

participate extensively in the Florida Lawsuit following the withdrawal of Adler Wellikoff.

## II.   The Underlying Allegations in the Florida Lawsuit

21.   As stated above, on September 20, 2019, the Southern District of Florida granted Plaintiff's Motion for Sanctions and entered a default against Defendant as a result of Defendant's severe misconduct in the Florida Lawsuit.

22.   The December 16, 2019 final judgment entered in the Florida Lawsuit contains a detailed recitation of the facts that the Southern District of Florida found to be established against both Defendant and Dektor.  In describing the facts, the final judgment states: The Southern District of Florida specifically stated: "These facts are drawn from credible witness testimony and uncontested evidentiary submissions that have been presented to the Court.  The Court has independently analyzed and considered the evidence and has adopted only those findings which the Court has deemed to be properly supported."

23.   Rather than repeat those lengthy factual findings here, this Complaint adopts in whole the "Facts" section of the December 16, 2019 final judgment in the Florida Lawsuit as if fully set forth herein.

24.   Generally, the facts as established by the Southern District of Florida are that Defendant/Dektor were competitors of Plaintiff in the field of truth verification software and that Defendant/Dektor intentionally sent tens of thousands of defamatory e-mails to existing and/or prospective customers of Plaintiff in an effort to take sales from Plaintiff and direct such sales to Dektor.  Further, Defendant established at least two defamatory websites containing a number of misstatements about both Dektor (which was falsely passing itself off as the successor of a prior-entity named Dektor Counterintelligence and Security, Inc.) and Plaintiff in an effort to direct sales toward Dektor.  The aforementioned websites contained dozens of pages of defamatory

statements about Plaintiff and its products/services.

25. All conditions precedent to the filing of this action have been performed, occurred, or been waived.

**COUNT I – FOR WILLFUL AND MALICIOUS INJURY (11 U.S.C. § 523(a)(6))**

26. Plaintiff re-alleges and incorporate paragraphs 1 through 25 as set forth above.

27. As specified herein and in the December 16, 2019 final judgment in the Florida Lawsuit, Defendant willfully and maliciously injured Plaintiff and Plaintiff's property by virtue of the conduct more fully described in the Florida Lawsuit.

28. Defendant's willful/malicious conduct includes violation of the Lanham Act, defamation, and tortious interference with existing/prospective business relationships.

29. As a result of Defendant's willful/malicious conduct, Plaintiff was awarded damages against Defendant (in the Florida Lawsuit) in the amount of $849,347.92, the full amount of which is non-dischargeable in Defendant's current bankruptcy action.

**WHEREFORE**, Plaintiff requests the entry of judgment against Debtor for: (a) determination that the aforementioned debt is non-dischargeable under 11 U.S.C. § 523(a)(6) and (b) for such further relief as the Court deems appropriate.

Dated: May 28, 2020.

DESOUZA LAW, P.A.
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (954) 603-1340
DDesouza@desouzalaw.com

By: /s/ Daniel DeSouza, Esq._____
    Daniel DeSouza, Esq.
    Florida Bar No.: 19291

*Admitted Pro Hac Vice*