Arthur Herring III

Pro Se

PO Box 43

Earlington, PA 18918

215.960.6229

Email: herthur20@protonmail.com

_____

United States Bankruptcy Court

Eastern District of Pennsylvania

| | | |
|---|---|---|
| Arthur Herring III | : | No. 20-12141 |
| Debtor | : | Chapter 7 |
| | : | |

Motion to Strike Parts of Nahrgangs Motion for Expedited Hearing

1. I am Arthur herring III, Debtor, filing this Motion Pro Se.

2. On or about September 23, 2020, Debtor's lawyer Nahrgang, filed a Motion for Expedited Hearing to be discharged as attorney for Debtor.

3. Nahrgang "assumed" Debtor was refusing to respond to his requests for communication on the matter of various documents Debtor sent to this Court on September 16, 2020.

4. In the September 30 hearing, this court indicated to Nahrgang he had rushed to judgement to be dismissed because he did not know the reason why Debtor had not returned Nahrgang's email and phone call.

5. Facts proved Debtor was away for two days on an emergency and did not have access to email or cell phone.

6. Debtor was not obligated, in any way, including by law, to sit by his phone and computer in case Nahrgang called or emailed Debtor.

7. In his September 23 filing to be dismissed, Nahrgang stated outright lies about Debtor, without any concern of his (Nahrgang) words and the future embarrassment and/or damage Nahrgangs words would cause to Debtor.

8. Nahrgang's lies cannot be allowed to stay on the court record for the public to see.

9. Nahrgangs lies would cause potentially future loss of employment and income to Debtor if ever viewed by future employer or other institutions, including government, credit card companys, banks, etc.

10. In paragraph 3b, Nahrgang clearly indicates, to the public, Debtor was the worst type of client a lawyer could have.

11. Nahrgang fails to mention he received $10,000 for this case and always paid in advance.

12. Nahrgang fails to mention he had about 9 months, since the start of Debtor's case, Nahrgang could have quit at any time if he thought Debtor was "repugnant" in any way as Nahrgang has claimed.

13. Nahrgang fails to mention that there is no law or rule that a client and lawyer cannot disagree on various issues of the case and the client cannot desire another approach to a matter.

14. Debtor insists Nahrgang remove 3b since it had no value to Nahrgang's request to be dismissed as Debtor's lawyer.

15. In paragraph 3c, Nahrgang claims "Debtor is engaging in conduct that Movant believes is repugnant."

16. Nahrgang refused to say what that conduct was or is, even though Nahrgang never desired to quit before September 16 when Nahrgang filed to quit and after Nahrgang had received his full $10,000 for taking Debtor's case to its end.

17. According to Merriam-Webster's dictionary, repugnant synonyms include abhorrent, abominable, appalling, awful, disgusting distasteful, dreadful, evil, foul, fulsome, gross, hideous, horrible, horrendous, horrid, loathsome, nasty, nauseating, nauseous, noisome, noxious, obnoxious, obscene, odious, offensive, rancid, repellent, repulsive, revolting, scandalous, sickening, ugly.

18. Debtor insists Nahrgang completely remove 3c from Nahrgangs Motion as it is inflammatory, libelous and has no justification or value in Narhgang's Motion.

19. Such lies, in 3b and 3c, would have severe impact on Debtor in any future employment and income if anyone should ever look at Debtor's bankruptcy.

19. Paragraph 3c only serves as a personal insult to Debtor by Nahrgang for some unknown reason. Nahrgang was paid all of his $10,000, in two parts and in advance by Debtor before any work was done by Nahrgang. Nahrgang's fees were paid by totally Debtor's 95 year old mother.

20. After the first $5,000 paid to Nahrgang was used up, Nahrgang requested another $5,000 to complete the bankruptcy to the end.

22.  Nahrgang received the second amount of $5,000 about two months ago, thus forming both a oral and written contract between Debtor and Nahrgang.

23. Since Nahrgang voluntarily quit before the end of the case, Nahrgang broke that contract. Debtor requests this court, if it has the ability to do so, demand Nahrgang return the second amount of $5,000. Debtor can use the $5,000 for any legal help Debtor may need for this case and after.

24. Breaking such a contract also involves punitive damages to Nahrgang.

25. Many months ago, Nitv's lawyers froze Debtor's cashier's checks of about $35,000 and even froze Debtor's mother's bank account and safe deposit box. With no funds available, Debtor must proceed Pro Se and risk his right to a just solution to this legal matter .

                                      Respectfully submitted,

                                      Arthur Herring III,
                                      Pro Se
                                      October 5, 2020

This Motion to Strike Parts of Nahrgang's Motion will be electronically mailed to:

Matt Nahrgang- mnahrgang@verizon.net

Dean Weisgold- dean@weisgoldlaw.com

James D'loughy- jdloughy@advisorlaw.com

Dan desousa- ddesouza@desouzalaw.com