Case 20-12141-mdc   Doc 74-1   Filed 03/02/21   Entered 03/02/21 12:40:26   Desc
Exhibit    Page 1 of 7
Case 2:20-mc-00004-UJ   Document 9   Filed 03/10/20   Page 5 of 11
Case 2:20-mc-00004-UJ   Document 8   Filed 02/12/20   Page 1 of 7

SCOTT C. DENLINGER, ESQUIRE
BALDEV I. SINGH, ESQUIRE
Attorney I.D. Nos. 314208/321573
**WISLER PEARLSTINE, LLP**
Phone: (610) 825 8400
Blue Bell Executive Campus
460 Norristown Road, Suite 110
Blue Bell, Pennsylvania 19422                                              *Attorneys for Garnishee*

| | |
|---|---|
| **NITV FEDERAL SERVICES, LLC** : | **IN THE UNITED STATES DISTRICT** |
| *Plaintiff* : | **COURT FOR THE EASTERN** |
| : | **DISTRICT OF PENNSYLVANIA** |
| v. : | |
| : | **NO. 2-20-MC-000004-UJ** |
| **DEKTOR CORPORATION and** : | |
| **ARTHUR HERRING, III** : | **CIVIL ACTION** |
| *Defendant* : | |
| and : | |
| **HARLEYSVILLE BANK** : | |
| *Garnishee* : | |

### HARLEYSVILLE BANK'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S INTERROGATORIES IN ATTACHMENT

Harleysville Bank, formerly Harleysville Savings Bank ("Garnishee"), pursuant to the Federal Rules of Civil Procedure and, pursuant to Federal Rule of Civil Procedure 69, the Pennsylvania Rules of Civil Procedure, hereby responds to each numbered paragraph of the Interrogatories in Attachment ("Interrogatories") for Dektor Corporation and Arthur Herring, III (collectively "Defendant") propounded on Garnishee by NITV Federal Services, LLC ("Plaintiff") as follows:

### GENERAL OBJECTIONS

1. Garnishee objects to the Interrogatories to the extent that they seek to impose upon Garnishee obligations or burdens which are greater than, or inconsistent with, the Pennsylvania Civil Procedure Rule 3145 in that the procedure taken by Plaintiff is not, as far as practicable, the same as though the Interrogatories were a complaint in a civil action.

2. Garnishee objects to the Interrogatories to the extent that they are neither additional nor appropriate substitutions or amendments to the interrogatories to those set forth in Pennsylvania Civil Procedure Rule 3253 nor substantially in the form set forth in Pennsylvania Civil Procedure Rule 3253 and impose upon Garnishee obligations or burdens which are greater than, or inconsistent with, the form set forth in Rule 3253.

Case 20-12141-mdc    Doc 74-1    Filed 03/02/21    Entered 03/02/21 12:40:26    Desc
Exhibit    Page 2 of 7
Case 2:20-mc-00004-UJ    Document 9    Filed 03/10/20    Page 6 of 11
Case 2:20-mc-00004-UJ    Document 8    Filed 02/12/20    Page 2 of 7

3. Garnishee objects to the Interrogatories to the extent that they seek to impose upon Garnishee obligations or burdens which are greater than, or inconsistent with, Pennsylvania Civil Procedure Rule 4006.

4. Garnishee objects generally to the Interrogatories to the extent that the Interrogatories are tantamount to and are being used as a substitute for a genuine Request for Production of Documents in violation of Pennsylvania Rule of Civil Procedure 4009.1.

5. Garnishee objects generally to the Interrogatories on the grounds that they would cause unreasonable annoyance and expense and are overly broad and burdensome.

6. The following responses and objections are based upon information now known by Garnishee. Garnishee has made a good faith effort to respond to the Interrogatories, but reserves the right to object to, and to move to have vacated, all or a part of Plaintiff's Interrogatories.

Without waiving of the foregoing General Objections, Garnishee provides the following Answers to Interrogatories:

## ANSWERS TO INTERROGATORIES

1. At the time you were served or at any subsequent time, did you owe the defendants any money or were you liable to the defendants on any negotiable or other written instrument, or did the defendants claim that you owed the defendants any money or were liable to the defendants for any reason?

**Answer and Objection: Garnishee reiterates and restates the General Objections set forth herein above. Without waiver of the foregoing, yes. On the date upon which Plaintiff's Interrogatories in Attachment were served upon Garnishee, Garnishee was the obligor to Defendants on several official bank checks held by Defendants in Defendants' names.**

**Garnishee is the obligor of an official bank check, titled in the name of "Arthur Herring, III", having a check number of 60454 ("Business Checking Account") in the amount of $5,000.00.**

**Garnishee is the obligor of an official bank check, titled in the name of "Arthur Herring, III", having a check number of 60499 ("Business Checking Account") in the amount of $5,000.00.**

**Garnishee is the obligor of an official bank check, titled in the name of "Arthur Herring, III", having a check number of 60500 ("Business Checking Account") in the amount of $10,000.00.**

Case 20-12141-mdc    Doc 74-1    Filed 03/02/21    Entered 03/02/21 12:40:26    Desc
Exhibit    Page 3 of 7
Case 2:20-mc-00004-UJ   Document 9   Filed 03/10/20   Page 7 of 11
Case 2:20-mc-00004-UJ   Document 8   Filed 02/12/20   Page 3 of 7

Garnishee is the obligor of an official bank check, titled in the name of "Arthur Herring, III", having a check number of 60525 ("Business Checking Account") in the amount of $5,000.00.

Garnishee is the obligor of an official bank check, titled in the name of "Arthur Herring, III", having a check number of 60811 ("Business Checking Account") in the amount of $5,000.00.

Garnishee is the obligor of an official bank check, titled in the name of "Arthur Herring, III", having a check number of 62794 ("Business Checking Account") in the amount of $2,400.00.

2. At the time you were served or at any subsequent time, was there in your possession, custody or control or in the joint possession, custody, or control of yourself and one or more other persons any money or property of any nature owned solely or in part by the defendants, including, but not limited to, any deposit or escrow?

Answer and Objection: Garnishee reiterates and restates the General Objections set forth herein above. Without waiver of the foregoing, yes. On the date upon which Plaintiff's Interrogatories in Attachment were served upon Garnishee, Defendants had an interest in property in the form of moneys in bank accounts ("Accounts") held by Garnishee in Defendants' names.

Garnishee holds a checking account, titled in the name of "Dektor Corporation", having an account number ending with the last four digits of 8311 ("Business Checking Account"). As of the date of service of Plaintiff's Interrogatories in Attachment upon Garnishee, there is a balance of $127.00 in the Business Checking Account.

Garnishee holds a joint checking account, titled in the name of "Arthur Herring, III" and two (2) other adult individuals, having an account number ending with the last four digits of 7371 ("Joint Checking Account 7371"). As of the date of service of Plaintiff's Interrogatories in Attachment upon Garnishee, there is a balance of $3,129.36 in the Joint Checking Account 7371.

Garnishee holds a joint checking account, titled in the name of "Arthur Herring, III" and another adult individual, having an account number ending with the last four digits of 3378 ("Joint Checking Account 3378"). As of the date of service of Plaintiff's Interrogatories in Attachment upon Garnishee, there is a balance of $556.41 in the Joint Checking Account 3378. After the receipt of service, on January 31, 2020, Defendant engaged in an in-person deposit of $1,000.00 of cash into Joint Checking Account 3378. However, during the transaction, Defendant learned that Joint Checking Account 3378 was locked by the Garnishee and required the Garnishee to unwind the deposit and return the $1,000.00 to the Defendant.

Garnishee holds a joint savings account, titled in the name of "Arthur Herring, III" and another adult individual, having an account number ending with the last four digits of

3

Case 20-12141-mdc    Doc 74-1    Filed 03/02/21    Entered 03/02/21 12:40:26    Desc
Exhibit    Page 4 of 7
Case 2:20-mc-00004-UJ    Document 9    Filed 03/10/20    Page 8 of 11
Case 2:20-mc-00004-UJ    Document 8    Filed 02/12/20    Page 4 of 7

3499 ("Joint Savings Account"). As of the date of service of Plaintiff's Interrogatories in Attachment upon Garnishee, there is a balance of $182.37 in the Joint Savings Account.

Garnishee holds a safe deposit box, titled in the name of "Arthur Herring, III", and two (2) other adult individuals, having an account number ending with the last four digits of 5763 ("Safe Deposit Box"). As of the date of service of Plaintiff's Interrogatories in Attachment upon Garnishee, the contents and value thereof are unknown.

3. At the time you were served or at any subsequent time, did you hold legal title to any money or property of any nature owned solely or in part by the Defendants or in which Defendants held or claimed any interest, including, but not limited to, any deposit or escrow?

**Answer and Objection: Garnishee reiterates and restates the General Objections set forth herein above. Without waiver of the foregoing, no.**

4. At any time [sic] you were served or at any subsequent time, did you hold as fiduciary any money or property, including, but not limited to, any deposit or escrow in which the defendant had an interest, including, but not limited to, any deposit or escrow?

**Answer and Objection: Garnishee's response to Interrogatories Nos. 1 and 2 are hereby incorporated by reference as if fully set forth herein.**

5. At any time before or after you were served did the Defendants transfer or deliver any money or property, including, but not limited to, any deposit or escrow to you or to any person or place pursuant to your direction or consent and if so what was the consideration therefor?

**Answer and Objection: Garnishee reiterates and restates the General Objections set forth herein above. Without waiver of the foregoing, no.**

6. At any time after you were served did you pay, transfer or deliver any money or property, including, but not limited to, any deposit or escrow to the Defendants or to any person or place pursuant to the defendants' direction or otherwise discharge any claim of the Defendants against you?

**Answer and Objection: Garnishee's response to Interrogatories Nos. 1 and 2 are hereby incorporated by reference as if fully set forth herein.**

7. If you are a bank or other financial institution, at the time you were served or at any subsequent time did the defendants have funds on deposit in an account in which funds are deposited electronically on a recurring basis and which are identified as being funds that upon deposit are exempt from execution, levy or attachment under Pennsylvania or federal law? If so, identify each account and state the amount of funds in each account, and the entity electronically depositing those funds on a recurring basis.

Case 20-12141-mdc   Doc 74-1   Filed 03/02/21   Entered 03/02/21 12:40:26   Desc
Exhibit    Page 5 of 7
Case 2:20-mc-00004-UJ   Document 9   Filed 03/10/20   Page 9 of 11
Case 2:20-mc-00004-UJ   Document 8   Filed 02/12/20   Page 5 of 7

**Answer and Objection: Garnishee reiterates and restates the General Objections set forth herein above. Without waiver of the foregoing, no.**

8.   If you are a bank or other financial institution, at the time you were served or at any subsequent time did the defendants have funds on deposit in an account in which the funds on deposit, not including any otherwise exempt funds, did not exceed the amount of the general monetary exemption under 42 Pa. C.S. §8123? If so, identify each account.

**Answer and Objection: Garnishee's response to Interrogatories Nos. 1 and 2 are hereby incorporated by reference as if fully set forth herein.**

 

                                                       **WISLER PEARLSTINE, LLP**

                                                       **SCOTT C. DENLINGER, ESQUIRE**
                                                       **BALDEV I. SINGH, ESQUIRE**
Date: February 12, 2020                     *Attorneys for Garnishee,*
                                                       *Harleysville Bank*

Case 20-12141-mdc    Doc 74-1    Filed 03/02/21    Entered 03/02/21 12:40:26    Desc
Exhibit    Page 6 of 7
Case 2:20-mc-00004-UJ    Document 9    Filed 03/10/20    Page 10 of 11
Case 2:20-mc-00004-UJ    Document 8    Filed 02/12/20    Page 6 of 7

SCOTT C. DENLINGER, ESQUIRE
Attorney I.D. No. 314208
WISLER PEARLSTINE, LLP
Phone: (610) 825 8400
Blue Bell Executive Campus
460 Norristown Road, Suite 110
Blue Bell, Pennsylvania 19422                              *Attorney for Garnishee*

| | |
|---|---|
| NITV FEDERAL SERVICES, LLC<br>*Plaintiff*<br><br>v.<br><br>DEKTOR CORPORATION and<br>ARTHUR HERRING, III<br>*Defendant*<br>and<br>HARLEYSVILLE BANK<br>*Garnishee* | : IN THE UNITED STATES DISTRICT<br>: COURT FOR THE EASTERN<br>: DISTRICT OF PENNSYLVANIA<br>:<br>: NO. 2-20-MC-000004-UJ<br>:<br>: CIVIL ACTION |

## VERIFICATION

I, Michelle Beck in my capacity as Vice President for Harleysville Bank state under the penalty of perjury that I have read the foregoing Answers and Objections to Interrogatories in Attachment ("Answers") and know the contents thereof; that said Answers were prepared with the assistance and advice of counsel; that the Answers set forth above, subject to inadvertent or undiscovered errors, are based on, and therefore necessarily limited by, the records and information still in existence, presently recollected, and thus far discovered in the course of the preparation of the Answers; that Harleysville Bank reserves the right to make any changes in the Answers if it appears at any time that omissions or errors have been made therein or that more accurate information is available; that subject to these limitations the facts set forth in the Answers are true and correct to the best of my knowledge, information, and belief.

Dated: February 11th, 2020                              _Michelle A Beck_
                                                         Michelle Beck
                                                         Vice President
                                                         *Harleysville Bank*

{02033754v2}

Case 20-12141-mdc    Doc 74-1    Filed 03/02/21    Entered 03/02/21 12:40:26    Desc
Exhibit    Page 7 of 7
Case 2:20-mc-00004-UJ    Document 9    Filed 03/10/20    Page 11 of 11
Case 2:20-mc-00004-UJ    Document 8    Filed 02/12/20    Page 7 of 7

**SCOTT C. DENLINGER, ESQUIRE**
**BALDEV I. SINGH, ESQUIRE**
Attorney I.D. Nos. 314208/321573
**WISLER PEARLSTINE, LLP**
Phone: (610) 825 8400
Blue Bell Executive Campus
460 Norristown Road, Suite 110
Blue Bell, Pennsylvania 19422                                              *Attorneys for Garnishee*

| | |
|---|---|
| **NITV FEDERAL SERVICES, LLC**<br>*Plaintiff*<br><br>v.<br><br>**DEKTOR CORPORATION and**<br>**ARTHUR HERRING, III**<br>*Defendant*<br>**and**<br>**HARLEYSVILLE BANK**<br>*Garnishee* | : IN THE UNITED STATES DISTRICT<br>: COURT FOR THE EASTERN<br>: DISTRICT OF PENNSYLVANIA<br>:<br>: NO. 2-20-MC-000004-UJ<br>:<br>: CIVIL ACTION |

## CERTIFICATE OF SERVICE

I certify that on this day, a true and correct copies of the Answers and Objections of Garnishee, Harleysville Bank, to Interrogatories in Attachment and the Entry of Appearance was served, via first class mail, upon the following counsel of record:

Dean E. Weisgold, Esquire
Dean E. Weisgold, PC
1835 Market Street, Suite 1215
Philadelphia, PA 19103

James D'Loughy, Esquire
AdvisorLaw PLLC, Suite 204
2925 PGA Boulevard
Palm Beach Gardens, FL 33410

Date: February 12, 2020    By: _____
**WISLER PEARLSTINE, LLP**
SCOTT C. DENLINGER, ESQUIRE
BALDEV I. SINGH, ESQUIRE
*Attorney for Garnishee,*
*Harleysville Bank*